J-S06038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS PATRICK WOLAK, | : | |
| | : | |
| Appellant | : | No. 2322 EDA 2017 |
| | : | |

Appeal from the Judgment of Sentence Entered July 10, 2017
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s):  CP-48-CR-0000835-2017

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 22, 2018**

Thomas Patrick Wolak ("Wolak"), *pro se*, appeals from the judgment of sentence imposed after the trial court convicted him of accidents involving damage to attended vehicle (hereinafter "leaving the scene of an accident"), vehicle entering or crossing roadway, and duty to give information and render aid (hereinafter "failure to render aid").[1]  We affirm.

On December 28, 2016, at approximately 5:15 p.m., David Stack ("Stack") was driving his car on Route 512 South in Northampton County, Pennsylvania.[2]  At the same time, Wolak was backing his car out of the driveway of his brother's home (hereinafter "the driveway"), and onto Route 512.  Stack saw the taillights of Wolak's car while it was backing into Stack's

---

[1] *See* 75 Pa.C.S.A. §§ 3743(a), 3324, 3744(a).

[2] Stack's wife was riding in the passenger seat.

lane of travel. Stack attempted to avoid an accident by swerving to the left, but Wolak's car struck the right rear of Stack's car.

Stack then immediately stopped his car and turned it around to return to the scene of the accident and exchange information with the other driver. Upon returning to the scene, Stack noticed that Wolak's vehicle was no longer there. However, Stack heard tires squealing and saw the taillights of a vehicle, which he suspected might be Wolak's. Stack attempted to follow this vehicle on Route 512 North, but was unable to catch up with it or discern its license plate number.

While driving, Stack noticed a police car parked in a nearby business's parking lot. Stack entered this lot and parked next to the police car to report the incident to the officer, Bushkill Township Police Officer Ryan Vresics ("Officer Vresics"). Officer Vresics and Stack then traveled back to the scene of the accident; however, Wolak was no longer there.[3] In the driveway, Officer Vresics discovered plastic debris from the collision. Officer Vresics then spoke with the homeowner of the driveway, Wolak's brother, who reported that Wolak had recently left the driveway in a dark-colored SUV.

Shortly thereafter, Officer Vresics, who was familiar with Wolak, drove to the property at which Wolak was residing and noticed, parked inside an open garage on the property, a black Jeep SUV that had fresh damage to its taillight and bumper. This damage matched the plastic debris Officer Vresics

_____

[3] Notably, Officer Vresics stated that they returned to the scene approximately 10 to 15 minutes after he first encountered Stack.

- 2 -

recovered from the driveway. Wolak then came out of the house with a telephone in his hand, approached Officer Vresics, and alleged that he was on the phone with the 911 center and reporting the accident.[4] Officer Vresics asked Wolak why he went home instead of staying at the scene of the accident, to which Wolak replied that the other vehicle left the scene first.

Wolak testified that after the collision, he pulled his vehicle off to the shoulder of Route 512, turned on his flashers, and took a moment to compose himself. According to Wolak, he then returned to the scene of the accident, which was very close, but no one was there. Thus, Wolak called his brother, the owner of the driveway, and asked him to alert Wolak if the other driver or the police returned to the scene.[5] Wolak then left in his car. However, Wolak testified that he stayed at the scene for approximately ten minutes, but no one returned during that time. Shortly thereafter, Wolak's brother sent him a text message stating that a police car had arrived at the scene. In response, Wolak called 911 to report the accident.

The Commonwealth thereafter charged Wolak with the above-mentioned violations of Pennsylvania's Vehicle Code (the "Code"). The matter proceeded to a non-jury trial on July 10, 2017, at the close of which the trial court found Wolak guilty on all counts. The court immediately sentenced Wolak to nine months of probation and ordered him to pay $300 in fines and

---

[4] Officer Vresics testified that this interaction took place approximately 45 minutes after Stack had first reported the incident to him.

[5] Wolak testified that he also called his father, the owner of the black Jeep, to inform him of the accident. Wolak's father testified at trial.

costs. Wolak timely filed a *pro se* Notice of Appeal. In response, the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Wolak timely filed a *pro se* Concise Statement, after which the trial court issued an Opinion.

Wolak now presents the following questions for our review:

I. Did the [trial] court err[] in [its] judgment that [Wolak] violated 75 Pa.C.S.A. § 3743(a) …?

II. Did the [trial] court err[] in [its] judgment that [Wolak] violated 75 Pa.C.S.A. § 3744(a) …?

III. Did the [trial] court incorrectly understand [] 75 Pa.C.S.A. § 3744(a), 75 Pa.C.S.A. § 3744(b) and 75 Pa.C.S.A. § 3746(a)[, and] [t]herefore, improperly rule that [Wolak] was required to inform police of the accident before leaving the scene?

IV. Was previous case law, regarding [section] 1027 (predecessor of the current hit and run laws) of the [] [C]ode[,] incorrectly applied when arriving at the [trial] court's decision?

V. Does sufficient evidence, as described in the [trial court's] Opinion, support the trial court's findings that [Wolak] did not comply with 75 Pa.C.S.A. § 3743(a) and 75 Pa.C.S.A. § 3744(a)?

Brief for Appellant at 4-7 (Wolak's "answers" to the questions omitted). We will address Wolak's issues together, as they all claim that the evidence is insufficient to sustain his convictions of leaving the scene of an accident and failure to render aid.[6]

---

[6] Wolak does not challenge his conviction of vehicle entering or crossing roadway.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply … is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The Code defines the offense of leaving the scene of an accident, in relevant part, as follows:

> The driver of any vehicle involved in an accident[,] resulting only in damage to a vehicle or other property which is driven or attended by any person[,] shall immediately stop the vehicle at the scene of the accident[,] or as close thereto as possible[,] but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to [failure to] render aid).

75 Pa.C.S.A. § 3743(a).

Section 3744 of the Code provides, in relevant part, as follows:

> The driver of any vehicle involved in an accident[,] resulting in … damage to any vehicle or other property which is driven or attended by any person[,] shall give his name, address and the registration number of the vehicle he is driving, and shall[,] upon request[,] exhibit his driver's license and information relating to financial responsibility to … the driver or occupant of or person attending any vehicle or other property damaged in the accident ….

*Id.* § 3744(a).

> Wolak summarizes his challenge to his convictions as follows:

> [] Wolak did his best to fully comply and did substantially fulfill his duties as required.  Immediately after the accident with the vehicle driven by [] Stack, and to not further obstruct traffic, [] Wolak promptly pulled off to the shoulder of the road and stopped his vehicle safely[,] and as close thereto as possible[,] while remaining at the scene in an attempt give information and render aid.  He takes a moment to collect himself[,] and then turns on his flashers and begins to inspect the scene.  He is unable to locate any signs of the other driver or other vehicle involved.  Unable to rouse any other participants or bystanders, [] Wolak finds no way to further his legal requirements.  After 21 minutes, [Wolak] logically and reasonably concludes that the other driver is not returning to the scene.[7]  [Wolak] then calls the homeowner at the address where the accident occurred.  The homeowner … comes outside, verifies the other driver is no longer present and is given all information needed to get someone in touch with [] Wolak should they return. …  In addition, upon completion of his safe return home, [Wolak] phones the Bushkill Police Department to report the accident and facilitate its resolution.

Brief for Appellant at 19-20 (footnote added).  According to Wolak, neither of his convictions is sustainable because the evidence establishes that "it is the other driver, [] Stack[,] who spe[d] away from the scene of the accident immediately following the collision."  *Id.* at 24.  Wolak contends that the trial

---

[7] We note that Wolak's instant contention that he stayed at the scene of the accident for 21 minutes is contrary to his trial testimony that he stayed at the scene for approximately 10 minutes.

- 6 -

court's reasoning supporting its determination that the convictions are supported by sufficient evidence "is based upon misinterpreted and/or misconstrued statements of testimony." *Id.* at 21; *see also id.* at 23 (asserting that the trial court made "several inferences regarding the events and the timeline in which they occurred that are simply incorrect."); *see also id.* at 25 (citing to the Criminal Complaint and arguing that, contrary to the trial court's finding, Stack and Officer Vresics did not return to the scene of the accident until 40 minutes thereafter). Finally, Wolak argues that "previous cases regarding the … [C]ode have determined that the statutes in discussion are aimed at hit-and-run drivers who hide their identity. Therefore, courts should take into consideration the intent and efforts made to substantially comply with the laws." *Id.* at 22-23.

In its Opinion, the trial court addressed Wolak's sufficiency challenge as follows:

> Although [Wolak] testified that he remained on the scene of the accident, th[e trial c]ourt[, sitting as the fact-finder,] found such testimony to be not credible. [] Stack, the driver of the vehicle that was hit by [Wolak], testified [that] his vehicle was struck by [Wolak] as [Wolak] was backing from a driveway onto the roadway on which [] Stack was traveling. N.T.[,] 7/10/17[,] at 5-6. [] Stack testified that he immediately stopped and turned his vehicle around within a few hundred feet to return to the scene of the accident, and he observed [Wolak] squeal his tires and drive away. *Id.* at 6-7. [] Stack attempted to catch up to [Wolak] while his wife dialed 911. *Id.* at 8. [] Stack then immediately made contact with … Officer [Vresics], who was parked in a nearby shopping center, about the incident. *Id.* at 10. Officer [] Vresics returned to the scene of the accident with [] Stack approximately 10 to 15 minutes after the accident, and [Wolak] was not on the scene. *Id.* at 20, 30. Based on the foregoing, the [trial c]ourt had sufficient basis to find [Wolak's] testimony that he remained

at the scene for 10 to 15 minutes after the accident, with his flashers on, to be not credible. *Id.* at 31, 36. There was sufficient evidence from which the [c]ourt could conclude that [Wolak] violated [section] 3743[, *i.e.*, leaving the scene of an accident,] by failing to remain at the scene of the accident.

\* \* \*

[Concerning Wolak's conviction of failure to render aid], based on the testimony presented at trial, there was sufficient evidence for the [trial c]ourt to conclude that [Wolak] failed to remain at the scene following the accident and[,] therefore[,] also failed to comply with the requirements of [section] 3744 by not providing his information to the other driver, [] Stack. Moreover, [Wolak] testified that the accident occurred at approximately 5:25 p.m., based upon his cell phone records, and that he called his father at 5:34 p.m. *Id.* at 31, 36, 38. [Wolak's] father testified that when he received that call from [Wolak], [Wolak] was already at home. *Id.* at 61-62. Thus, nine minutes after the accident, [Wolak] was no longer at the scene and had returned to his residence.

Trial Court Opinion, 9/6/17, at 2-3. The trial court's foregoing analysis is supported by the record, and we agree with its determination that sufficient evidence supports Wolak's convictions.

Moreover, contrary to Wolak's assertion, there is no indication that the trial court misapprehended the facts. Rather, the court merely discredited Wolak's version of the incident, and credited the testimony presented by Stack and Officer Vresics. *See Commonwealth v. Karl*, 490 A.2d 887, 888 (Pa. Super. 1985) (rejecting defendant's sufficiency challenge to his conviction of leaving the scene of an accident where the trial court, as the fact-finder, discredited the defendant's version of the accident that he returned to the scene minutes after the accident but no one was there). To the extent that there were conflicts in the testimony, the trial court acted within its sole

province in discrediting Wolak's version of the events, and we may not reexamine the fact-finder's credibility determinations or substitute our judgment for that of the fact-finder. ***See Commonwealth v. Mitchell***, 135 A.3d 1097, 1101 (Pa. Super. 2016).

Thus, we conclude that the evidence presented at trial, viewed in the light most favorable to the Commonwealth as the verdict winner, was amply sufficient to establish, beyond a reasonable doubt, all of the elements of leaving the scene of an accident and failure to render aid.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/22/18</u>